UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x



TINA SHYMANSKI,

                                    Plaintiff,          **STIPULATION AND**
                                                        **PROTECTIVE ORDER**

                    -against-
                                                        09 Civ. 507 (RJS)(DF)

THE CITY OF NEW YORK (a municipal entity);
CAPTAIN JAMES FRANZO (in his individual and
professional capacity); SERGEANT FRANK
FILLORAMO (in his individual and professional          USDC SDNY
capability); SERGEANT TIMOTHY JENKINS (in his          DOCUMENT
individual and professional capacity); and NELDRA      ELECTRONICALLY FILED
ZEIGLER (in her individual and official capacity)      DOC #:
                                                       DATE FILED: 4/21/10
                                    Defendants.

-------------------------------------------------------------------- x

        **WHEREAS,** plaintiff has sought certain documents from defendants in discovery

in this action, documents which Defendants deem confidential; and

        **WHEREAS,** Defendants objects to the production of those documents unless

appropriate protection for the confidentiality of the information contained therein is assured;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by

and between the parties, as follows:

        1.      As used herein, "Confidential Materials" shall mean all documents

provided to plaintiff's counsel by defendants' counsel concerning current or former employees of

the New York City Police Department ("NYPD") including, but not limited to personnel,

medical, disciplinary, time and attendance, labor relations, Equal Employment Opportunity

("EEO"), investigative, or other files of the NYPD, and the information contained therein, except

that such documents and information shall not be deemed "Confidential Materials" to the extent,

and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2.      Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

3.      Plaintiff's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

> a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.
>
> b. Disclosure before trial may be made only to plaintiff, to an expert who has been retained or specially employed by plaintiff's attorneys in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.
>
> c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorney and a copy shall be furnished to Defendants' attorneys upon their request.

4.      Deposition testimony concerning any Confidential Materials or revealing the content of any Confidential Materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover

2

page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to

be Confidential Materials within the meaning of this Stipulation and Protective Order.

5.     If any paper incorporating or attaching any Confidential Materials or

revealing the contents thereof is filed in this Court, those portions of the papers shall be delivered

to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the

nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information
designated confidential pursuant to an order entered
by the United States District Court for the Southern
District of New York in the above-captioned action.
This envelope shall not be opened or unsealed
without the express direction of a judge of this
Court, and its contents shall not be displayed or
revealed except as the Court may order.     This
envelope and its contents shall at all times be
maintained separate and apart from the publicly
available files of this case.

6.     Within 30 days after the termination of this case, including any appeals,

the Confidential Materials, including all copies, notes, and other materials containing or referring

to information derived therefrom, shall be returned to Defendants' attorneys or, upon their

consent, destroyed, and all persons who possessed such materials shall verify their return or

destruction by affidavit furnished to Defendants' attorneys.

7.     Nothing in this Stipulation and Protective Order shall be construed to limit

Defendant's use of the Confidential Materials in any manner.

Dated:       New York, New York
             April 9, 2010

MILNER LAW OFFICES                    MICHAEL A. CARDOZO
Attorneys for Plaintiff               Corporation Counsel of the
8302 Broadway, Suite 3A                 City of New York
Elmhurst, NY 11373                    Attorney for Defendants
(718) 766-5242                        100 Church Street, Room 2-125
julie.milner.law@gmail.com            New York, N.Y.  10007
                                      (212) 788-1328
                                      jkroll@law.nyc.gov

By: _____Julie Milner_____       By: _____
       Julie Milner                          Jason A. Kroll
                                             Assistant Corporation Counsel

SO ORDERED: 4/21/10
The within Stipulation is approved, except
that any application to maintain the confidentiality
of documents at trial shall be made, in advance
of trial, to the trial judge.
~~U.S.D.J.~~

Debra Freeman
United States Magistrate Judge
Southern District of New York

4

## EXHIBIT A

I hereby acknowledge that I have read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York on _____, 2010, in the action entitled <u>Shymanski v. City of New York, et al</u>, 09 Civ. 507 (RJS)(DF), and understand the terms thereof.

I agree not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution or defense of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

I understand that it is my responsibility to ensure that, and I hereby agree to ensure that, all Confidential Materials that I have contact with, as well as all copies, notes, and summaries, and other materials containing or referring to Confidential Materials or the information contained in the Confidential Materials, including but not limited to all copies, notes, and summaries that are or were maintained on any computer hard drive, diskette, or CD-Rom must be either destroyed or returned at the conclusion of this matter.

| | |
|---|---|
| _____ | _____ |
| Date | Signature |
| | _____ |
| | Print Name |
| | _____ |
| | Occupation |